# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. BANK TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR RMS SERIES TRUST 2020-1,<br><br>    Plaintiff,<br><br>v.<br><br>ANNE MARIE BLODGETT,<br><br>    Defendant,<br><br>-and-<br><br>CITIBANK, N.A.; GE MONEY BANK; CAPITAL ONE BANK (USA), N.A.; TRUSTEES OF THE 9 O'DONNELL SQUARE CONDOMINIUM TRUST,<br><br>    Parties-in-Interest. | CIVIL ACTION NO. 1:25-cv-10557 |

## VERIFIED COMPLAINT

Plaintiff, U.S. Bank Trust, National Association, Not In Its Individual Capacity, But Solely As Trustee For RMS Series Trust 2020-1 (the "Plaintiff"), by its counsel, Hinshaw & Culbertson LLP, and for its Verified Complaint against the above-named defendant and parties-in-interest, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking judgment declaring and confirming that the Plaintiff (as authorized agent of the noteholder) is entitled to enforce the terms of a certain promissory note secured by real property located at 9 O'Donnell Square, Unit 3, Dorchester, MA 02122.

### VENUE

2. This Court has original jurisdiction over this action involving Plaintiff's right, title and interest in the subject property as there is complete diversity between the Plaintiff and

defendant Blodgett pursuant to 28 U.S.C. § 1332(a) and the amount in controversy exceeds the sum or value of $75,000.00 based on the outstanding principal balance due on the loan and the fair market value of the encumbered property.

3. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1) as defendant Blodgett resides in Dorchester, Massachusetts, and the subject property is located in Dorchester, Massachusetts.

## THE PARTIES

4. The Plaintiff is a national banking association organized and existing under the laws of the United States of America with its main office, as designated in its Articles of Association, in Wilmington, Delaware.

5. Defendant Anne Marie Blodgett ("Blodgett") is an individual residing, upon information and belief, at 9 O'Donnell Square, Unit 3, Dorchester, Massachusetts.

6. Party-in-Interest Citibank, N.A. ("Citibank") is, upon information and belief, a national banking association with its principal place of business in Sioux Falls, South Dakota.

7. Party-in-Interest GE Money Bank n/k/a Synchrony Bank ("Synchrony") is, upon information and belief, a federal savings association with its principal place of business in Draper, Utah.

8. Party-in-Interest Capital One Bank (USA), N.A. ("Capital One") is, upon information and belief, a national banking association with its principal place of business in Glen Allen, Virginia.

9. Party-in-Interest Trustees of the 9 O'Donnell Square Condominium Trust ("9 O'Donnell Square Condo") is, upon information and belief, an organization of unit owners

elected/appointed under a Declaration of Trust dated September 13, 2005, recorded with Suffolk County Registry of Deeds in Book 38053, Page 14.

## FACTUAL BACKGROUND

**A.     ORIGINATION OF THE LOAN**

10.     Blodgett acquired the real property known as 9 O'Donnell Square, Unit 3, Dorchester, Massachusetts ("Property") on or about September 13, 2005, via Unit Deed recorded with the Suffolk County Registry of Deeds ("Registry") on September 15, 2005, in Book 38053, Page 87.

11.     On or about September 25, 2006, Blodgett executed an adjustable rate note in favor of Washington Mutual Savings Bank ("WAMU") in the original principal amount of $308,000.00 ("Note"). A true and accurate copy of the Note is attached hereto as **Exhibit A**.

12.     To secure her obligations under the Note, Blodgett executed a mortgage dated September 25, 2006, in favor of WAMU in the original principal amount of $308,000.00 ("Mortgage," together with Note, "Loan"). The Mortgage was recorded with the Registry on September 29, 2006, in Book 40470, Page 191. A true and accurate copy of the Mortgage is attached hereto as **Exhibit B**.

**B.     PLAINTIFF'S INTEREST IN THE MORTGAGE**

13.     On or about December 4, 2006, WAMU executed an assignment of the Mortgage in favor of Capital Crossing ("WAMU Assignment"), recorded with the Registry on January 10, 2007, in Book 41107, Pg. 109.  A true and accurate copy of the WAMU Assignment is attached hereto as **Exhibit C**.

14.     On or around October 21, 2009, Capital Crossing, through its successor in interest, Aurora, executed an assignment of the Mortgage ("Capital Crossing Assignment") in favor of

Chase, recorded with the Registry on November 10, 2009, in Book 45704, Page 166. A true and accurate copy of the Capital Crossing Assignment is attached hereto as **Exhibit D**.

15. To correct an issue with the Capital Crossing Assignment, a corrective assignment was executed by Aurora in favor of Chase and recorded with the Registry on November 20, 2012, in Book 50516, Page 47 ("Corrective Capital Crossing Assignment"). A true and accurate copy of the Corrective Capital Crossing Assignment is attached hereto as **Exhibit E**.

16. Chase then assigned the Loan back to Aurora ("Chase Assignment"), which assignment was recorded with the Registry on December 12, 2012, in Book 50641, Page 281. A true and accurate copy of the Chase Assignment is attached hereto as **Exhibit F**.

17. Aurora assigned the Mortgage to U.S. Bank, National Association, as Trustee for RMAC Trustee, Series 2012-1T ("U.S. Bank as Trustee"), which assignment was recorded with the Registry on December 12, 2012, in Book 50641, Page 284 ("Aurora Assignment"). A true and accurate copy of the Aurora Assignment is attached hereto as **Exhibit G**.

18. On July 24, 2018, U.S. Bank as Trustee assigned the Mortgage to the Waterfall Victoria Grantor Trust II, Series G by assignment recorded with the Registry on August 6, 2018, in Book 60040, Page 1 ("U.S. Bank Assignment"). A true and accurate copy of the U.S. Bank Assignment is attached hereto as **Exhibit H**.

19. On July 25, 2022, Waterfall Victoria Grantor Trust II, Series G assigned the Mortgage to U.S. Bank Trust, N.A., as Trustee for Waterfall Victoria Grantor Trust II Series G by assignment recorded with the Registry on January 8, 2025, in Book 70983, Page 244. A true and accurate copy of this assignment is attached hereto as **Exhibit I**.

20. Also on July 25, 2022, U.S. Bank Trust, N.A., as Trustee for Waterfall Victoria Grantor Trust II Series G assigned the Mortgage to the Plaintiff by assignment recorded with the

Registry on January 8, 2025, in Book 70983, Page 246. A true and accurate copy of this assignment is attached hereto as **Exhibit J**.

C.      **PLAINTIFF'S INTEREST IN THE NOTE**

21.     Immediately after the Loan was originated, WAMU lost or misplaced the original Note.

22.     On or about October 20, 2006, WAMU executed an Affidavit of Lost Note ("WAMU LNA") attesting that the original Note was inadvertently lost or destroyed, that a due and diligent search of WAMU's files had failed to locate the original Note, and that the original Note was deemed lost. A true and accurate copy of the WAMU LNA is attached hereto as **Exhibit K**.

23.     Shortly after the execution of the WAMU LNA, WAMU (the last known holder of the Note) sold the Loan.

24.     On or about June 30, 2022, the Federal Deposit Insurance Corporation (the "FDIC"), as receiver for WAMU, executed an Assignment of Authority to Enforce Note (the "Assignment of Authority") attesting, in pertinent part, that (i) WAMU lost the original Note; (ii) the loss of possession of the Note was not the result of the original Note being cancelled, released, paid off, satisfied, assigned, transferred, seized, or otherwise disposed of; and (iii) the Plaintiff is authorized to enforce the Note on behalf of the FDIC (WAMU's receiver), including through foreclosure of the Property. The Assignment of Authority was recorded with the Registry on January 8, 2025, in Book 70983, Page 248. A true and accurate copy of the Assignment of Authority is attached hereto as **Exhibit L**.

**D.    BLODGETT'S DEFAULT ON THE LOAN**

25. The Loan is currently due for the April 1, 2008, payment and all subsequent payments.

26. On October 29, 2018, a 90-Day Right to Cure Your Mortgage Default letter was mailed to Blodgett. A true and accurate copy of this letter is attached hereto as **Exhibit M**.

27. Also on October 29, 2018, a Right to Request a Modified Mortgage Loan letter was mailed to Blodgett. A true and accurate copy of this letter is attached hereto as **Exhibit N**.

28. Blodgett did not cure her default under the terms of the Loan.

29. Since April 1, 2018, Blodgett has not made any substantive effort to repay her obligations under the Loan, to seek assistance or otherwise engage in meaningful discussion about her default.

30. Since April 1, 2018, upon information and belief, while in default of her Loan, Blodgett has rented the Property to paying tenants, thus obtaining rental income while simultaneously shirking her obligations under the Loan.

**E.    OTHER ENCUMBRANCES ON THE PROPERTY**

31. On or about October 17, 2006, Blodgett executed a Home Equity Line of Credit Mortgage in favor of Citibank in the maximum principal amount of $38,600.00 ("HELOC"). The HELOC was recorded with the Registry on November 16, 2006, in Book 40758, Page 53, and a true and accurate copy is attached hereto as **Exhibit O**.

32. On or about October 17, 2008, Synchrony (f/k/a GE Money Bank) recorded an Execution against the Property with the Registry in Book 44150, Page 196, securing an execution total of $4,491.20 ("GE Money Bank Execution"). A true and accurate copy of the GE Money Bank Execution is attached hereto as **Exhibit P**.

1056028\323867837.v1

33. On or about March 10, 2010, the 9 O'Donnell Square Condo recorded a Complaint against the Property for unpaid common expenses pursuant to M.G.L. c. 183A, § 6, with the Registry in Book 46161, Page 60 ("Condo Complaint"). A true and accurate copy of the Condo Complaint is attached hereto as **Exhibit Q**.

34. On or about March 25, 2010, Capital One recorded an Execution against the Property with the Registry in Book 46210, Page 259, securing an execution total of $4,886.84 ("Capital One Execution"). A true and accurate copy of the Capital One Execution is attached hereto **Exhibit R**.

## COUNT I

### FOR DECLARATORY JUDGMENT

35. Plaintiff hereby incorporates paragraphs "1" through "34" above as if fully set forth herein.

36. The terms of the Note can be established by the copy of the Note attached hereto, which bears Blodgett's signature. *See* Ex. A.

37. The terms of the Note can also be established by the copies of the Note attached to the WAMU LNA and the Assignment of Authority. *See* Exs. K & L.

38. According to the WAMU LNA, as of October 20, 2006, despite diligent search, WAMU was unable to determine the whereabouts of the original Note. *See* Ex. K.

39. WAMU was in possession of the Note at the time it was lost. *See* Exs. K & L.

40. The loss of possession of the Note was not the result of transfer to another person or entity. *See* Exs. K & L.

41. The Plaintiff is the current holder of the Mortgage. *See* Exs. B-J.

42. The Plaintiff cannot reasonably obtain possession of the Note, because its whereabouts cannot be determined.

43. On or about June 30, 2022, FDIC, as receiver for WAMU, executed the Assignment of Authority stating that the Plaintiff was authorized to enforce the Note on behalf of FDIC (as receiver for WAMU), including through foreclosure of the Property.

44. Under Massachusetts law, the individuals who can enforce the terms of a promissory note are limited to the person or entity holding the mortgage and also either holding the promissory note or acting on behalf of the noteholder.

45. Pursuant to the Assignment of Authority, WAMU—the entity that held the Note at the time it was lost—has authorized the Plaintiff to act on its behalf to enforce the Note.

46. Based on the foregoing, the Plaintiff is entitled to a judgment declaring that it is authorized to act on behalf of the noteholder (WAMU) to enforce the terms of the Note, pursuant to M.G.L. c. 106, §§ 3-301(iii) and 3-309, in light of the Assignment of Authority granted by WAMU to the Plaintiff.

**WHEREFORE**, Plaintiff, U.S. Bank Trust, National Association, Not In Its Individual Capacity, But Solely As Trustee For RMS Series Trust 2020-1, respectfully requests that this Court enter judgment:

A. Declaring that, despite diligent search, the original Note has been lost or mislaid and that the terms of the Note can be established as set forth in the copy attached to this Verified Complaint as Exhibit A;

B. Declaring that the Plaintiff is entitled and authorized to enforce the Note as agent of WMU (the last holder of the Note), despite its lack of possession of the original Note, as supported by the Assignment of Authority; and

C.  Granting such other relief as the Court may deem just an appropriate.

U.S. BANK TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR RMS SERIES TRUST 2020-1,

By: Its Attorneys

*/s/ Kevin W. Manganaro*
Marissa I. Delinks, BBO No. 662934
Kevin W. Manganaro, BBO No. 690082
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Phone: 617-213-7000
Fax: 617-213-7001
e-mail: mdelinks@hinshawlaw.com
       kmanganaro@hinshawlaw.com

Dated:   March 6, 2025

1056028\323867837.v1

**VERIFICATION**

I, <u>Alan R Blunt</u>, being duly sworn and duly authorized, depose and state under the pains and penalties of perjury, that I have read the foregoing Verified Complaint, and that the allegations contained therein are true and based upon facts that are presently and personally known by me, which personal knowledge is derived from review of public records and the business records of U.S. Bank Trust, National Association, Not In Its Individual Capacity, But Solely As Trustee For RMS Series Trust 2020-1, by Nationstar Mortgage LLC d/b/a Rushmore Servicing as attorney in fact, related to the Loan (as defined in the Verified Complaint), except those facts alleged upon information and belief and as to those facts, I believe they are true, and that no material facts have been omitted therefrom. I also state that the Exhibits attached to this Verified Complaint are true and correct copies of the originals.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 03/03/2025 _____.

**U.S. Bank Trust, National Association, Not In Its Individual Capacity, But Solely As Trustee For RMS Series Trust 2020-1, by Nationstar Mortgage LLC d/b/a Rushmore Servicing as attorney in fact.**

By: *Alan Blunt*

1056028\323867837.v1